United States District Court
Southern District of Texas
**ENTERED**
March 24, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Meriani Meriani | § | |
| (A#078-569-377), | § | |
| *Petitioner*, | § | |
| | § | Civil Action H-26-0033 |
| v. | § | |
| | § | |
| Kristi Noem, et al., | § | |
| *Respondents*. | § | |

## MEMORANDUM AND RECOMMENDATION

Meriani Meriani, through counsel, filed a petition for writ of habeas corpus on January 4, 2026. ECF No. 1. Meriani challenges the constitutionality of her continued detention by United States Department of Homeland Security, Immigration and Customs Enforcement.

In an "Advisory" filed on March 8, 2026, counsel for the Government advised the court that the Petitioner had been removed from the United States and that this action is now moot. ECF No. 7. Based on the Advisory, the court ordered Petitioner's counsel to notify the court by March 20, 2026, whether this action is moot. ECF No. 8. Petitioner did not file anything in response to the court's order. Thus, Petitioner has not rebutted the Government's representation that she has been removed. A search in the U.S. Immigration and Customs Enforcement Online Detainee Locator System, <https://locator.ice.gov/odls/#/search>, on March 23, 2026, returned no results for Petitioner's A-Number. The court concludes that Petitioner has been removed from the United States and is therefore no longer in the government's physical custody.

Although Petitioner was in "custody" for purposes of 28 U.S.C. § 2241 when she filed her petition, her removal renders her petition moot. *See Alvarez Colina v. Gillis*, 2022 WL 1001437 (5th Cir. 2022) (unpublished). The court therefore recommends that this case be **DISMISSED** without prejudice as **MOOT**.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147-49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

Signed at Houston, Texas, on March 24, 2026.

Peter Bray
United States Magistrate Judge

2